UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

WAYNE G. SIDDALL and
CATHY M. SIDDALL,                                    Case No. DT 07-01390
                                                     Hon. Scott W. Dales

        Debtors.

_____/

### <u>MEMORANDUM OF DECISION REGARDING TRUSTEE'S AUTHORITY TO SELL TRUST PROPERTY</u>

PRESENT:   HONORABLE SCOTT W. DALES
               United States Bankruptcy Judge

The court's Traverse City motion calendar for February 11, 2009 includes two related entries involving the above-referenced debtors:  (1) Trustee's Request for Ruling Regarding Trustee's Authority to Exercise Debtor's Power to Sell the Assets of the Vivian E. Siddall Revocable Trust (DN 33), and (2) Trustee's Motion Seeking Authority to Exercise Debtor's Power to Sell the Assets of the Vivian E. Siddall Revocable Trust for the Benefit of Debtor's Estate (DN 20) (the "Motions").  The principal asset of the Trust at issue in these Motions is a "centennial farm" in Northern Michigan that has been in the Siddall family for several generations.[1]  For reasons prudential, procedural, and practical, I will deny the Motions and cancel the February 11 hearing.

    1.     <u>Background</u>

Chapter 7 Trustee James W. Boyd ("Bankruptcy Trustee") and debtors Wayne and Cathy Siddall agree that on the petition date the Farm was held in trust for the

---

[1] In this opinion, I will refer to the Vivian E. Siddall Revocable Trust as the "Trust" and the Trust's principal asset as the "Farm."  In addition, though I recognize that there are two debtors in this joint case, I will refer to Wayne Siddall as the "Debtor."

benefit of Wayne Siddall, his brothers, and their children, and that the Debtor's beneficial interest in the Trust is not property of the estate. See Trustee's Brief in Support of Motion Seeking Authority to Exercise Debtor's Power to Sell the Assets of the Vivian E. Siddall Revocable Trust (DN 29) ("Trustee's Brief") at p.4 ("Debtor argues that the Trust is a spendthrift trust and that Debtor's beneficial interest in it, therefore, is not property of the estate. That contention can be readily conceded for purposes of the Chapter 7 Trustee's motion."). The parties also agree that the Trust contains a provision empowering the Debtor, as trustee of the Trust, to sell the Farm, even though the Debtor's mother, who created and funded the Trust, recommended, in precatory language, that the Farm remain in Trust for the family. See Trust at Art. X(A) and (C).

Through these Motions, the Bankruptcy Trustee seeks a declaration that he has succeeded to the Debtor's power to sell the Farm, and that he also has "authority to exercise or otherwise administer that power." See Trustee's Brief at p. 5. There is, however, no pending sale or, for that matter, even a sale in prospect as far as the record reveals.

At least one of the Trust beneficiaries has commenced proceedings in a Michigan probate court to remove the Debtor as trustee of the Trust, evidently in an effort to stave off a possible sale of the Farm. I understand the Bankruptcy Trustee has intervened in the probate proceedings to protect the bankruptcy estate's interests.[2]

---

[2] The probate proceedings will quite likely run afoul of the automatic stay, as their object appears to be to wrest control of the Farm, or the power to sell it, from the Bankruptcy Trustee. See 11 U.S.C. § 362(a)(3). A more healthy respect for the bankruptcy court and its trustee might have prompted a motion for relief from stay before involving the probate court, or perhaps a motion to compel the Bankruptcy Trustee to abandon legal title to the Farm and the power of sale. I do not resolve any such claims today.

2.      <u>Prudential Reasons to Withhold Relief</u>

The Bankruptcy Trustee's Motions seek an advisory opinion in a controversy that is not quite ripe, and perhaps not otherwise justiciable.  First, federal courts do not give advisory opinions.  See <u>Coffin v. Malvern Federal Savings Bank</u>, 90 F.3d 851, 853 (3rd Cir. 1996).  As for ripeness, the Trustee does not have a sale in prospect, so the request appears to be premature.  I understand it would be convenient for him to know the limits of his authority in this admittedly foggy intersection between bankruptcy law and trust law, but I am not persuaded that giving the advice, regardless of the expediency, is consistent with the custom and duty of a federal court.  As for justiciability or "redressibility," I am not certain that I can give the Bankruptcy Trustee meaningful relief because even if I agree that he succeeded to various powers as the representative of the Debtor's bankruptcy estate under Section 541, I hesitate to acknowledge his ultimate authority to sell the Farm for reasons unrelated to Section 541.  These doubts counsel me against giving the Bankruptcy Trustee the declaratory relief he seeks.

Because the Trustee conceded that the Debtor's beneficial interest is protected by an enforceable spendthrift trust, and because the Debtor's siblings' interests cannot be sold to benefit the bankruptcy estate, there is no pecuniary interest in the Bankruptcy Trustee or the bankruptcy estate he represents.  Whether this shortcoming affects his standing, the ripeness of this dispute, or my ability to give meaningful relief, under the umbrella of "justiciability" these prudential concerns require me to deny the Motions.

Even assuming, *arguendo*, that pursuant to 11 U.S.C. § 541(a)(1), (b)(1) and (d), the Bankruptcy Trustee succeeded to the Debtor's legal interest in the Trust property

and the power to sell the Farm, without the Debtor's equitable interest in the Trust property the legal title or the power to transfer the legal title is worthless. <u>Cf.</u> <u>Stevenson v. J.C. Bradford & Co. (In re Cannon)</u>, 277 F.3d 838, 855 (6th Cir. 2002) (denying trustee standing to pursue action that would benefit the Debtor's former cestuis que trust but not the bankruptcy estate). Stated another way, because the estate's interest is limited to the legal title to the Farm and because it does not reach the Debtor's beneficial interest, there is no meaningful benefit to the bankruptcy estate from a future sale. I am therefore unable and unwilling to approve such a meaningless exercise.

Further, the Bankruptcy Trustee would have me believe it is legally possible for him to simultaneously exercise the Debtor's powers as trustee under the Trust while exercising his obligations to the bankruptcy estate. I do not believe this is possible. As putative trustee of the Trust, the Bankruptcy Trustee would owe fiduciary duties to the Trust beneficiaries (and perhaps obedience to the settlor's intent), yet as a chapter 7 Trustee, he owes his undivided loyalty to the Debtor's bankruptcy estate. <u>Compare</u> <u>Sloan v. Silberstein</u>, 2 Mich. App. 660, 673 (1966) ("the trustee owes a duty of . . . complete loyalty to the interest of the cestui que trust, to show good faith and fair play in direct dealing with the beneficiaries of the trust, and at no time may he use or deal with trust property . . . for any other purpose unconnected with the trust") <u>with</u> <u>United States v. Schilling (In re Big Rivers Electric Corp.),</u> 355 F.3d 415 (6th Cir. 2004) (bankruptcy trustees must be "disinterested" within the meaning of 11 U.S.C. § 101(14)); <u>see</u> <u>also</u> 11 U.S.C. § 701(a)(1) (authorizing United States Trustee to appoint "disinterested" panel trustee to serve as interim trustee).

These competing duties to the cestui que trust and the bankruptcy estate would either disqualify the Bankruptcy Trustee from acting as a trustee under the express trust or a bankruptcy trustee:  his loyalty would be divided between two masters.  Compare MCL §700.7403 with 11 U.S.C. § 101(14).  Consequently, in order to sanction the Bankruptcy Trustee's power to sell or perform the Debtor's duties as the Trust's fiduciary, I would have to ignore his duties to the bankruptcy estate, or worse, encourage *him* to do so.  In either event, this conflict of interest could doom a future sale of the Farm by casting doubt on the Bankruptcy Trustee's authority to act in a disinterested manner on behalf of either the bankruptcy estate or the Trust estate.  As such, outside the context of a motion seeking more definite relief, such as a motion for relief from stay, motion to compel abandonment, motion to sell the Farm, or some other more concrete and familiar context, I am unable to provide meaningful relief in this case.[3]  In addition, I am unwilling to declare, as an academic matter, that the Bankruptcy Trustee may administer the *legal title* to the Trust assets and the Debtor's power to sell them.

      3.       Procedural Reasons to Withhold Relief

I also perceive several important procedural reasons for withholding declaratory relief.  At the heart of these Motions lies the Bankruptcy Trustee's request to determine that the Debtor's legal title to the Trust assets (including the Farm), and his power to sell these assets, are included within the property of the bankruptcy estate.  The Motions, stated differently, are proceedings to "determine the validity . . . or extent of [an] interest

---

[3] The Bankruptcy Trustee's counsel suggested that a declaration in this case on this difficult legal issue might be of assistance in other cases.  See Trustee's Request for Ruling Regarding Trustee's Authority to Exercise Debtor's Power to Sell the Assets of the Vivian E. Siddall Revocable Trust at p.3, ¶ 11.  This suggestion, however, highlights the peril of issuing advisory opinions by presenting the risk that resolving this legal issue in one unripe case may bind unknown litigants in some future, unfiled case.

in property" or at least a proceeding to obtain a declaratory judgment regarding these issues.  Such requests for relief, however, must take the form of an adversary proceeding.  See Fed. R. Bankr. P. 7001(2) & (9).  Although the Debtor may have waived the right to insist on more formal proceedings, it is clear to me that other interested parties (such as the Debtor's siblings, children, nephews and nieces) have not.  These people have an obvious stake in the outcome of the Motions but it appears they have never been served.  See Proofs of Service (DN 20 & 34).  Though the Debtor has been involved in this matter, basic notions of due process and orderly procedure prevent me from assuming that he adequately represents their interests.  And, even if the Bankruptcy Trustee had pursued his relief through an adversary proceeding against the Debtor only, I would be remiss if I failed to raise the issue of joinder of necessary parties under Fed. R. Civ. P. 19.  The same principle applies here though, strictly speaking, Fed. R. Civ. P. 19 does not ordinarily apply in contested matters.  See Fed. R. Bankr. P. 9014.

    4.    <u>Practical Reasons to Withhold Relief</u>

As a practical matter, I would not want my acceptance of the Bankruptcy Trustee's legal theories regarding the broad reach of Section 541 to lead him down a path with very real and practical risks to himself, his counsel and the bankruptcy estate.

If I were to declare that the Bankruptcy Trustee has the power to sell the Farm and the authority to administer the Trust property, it might give him the mistaken impression that I regard the bankruptcy estate's legal interest in this property as valuable.  I clearly do not.  Rather, given the spendthrift provisions and the Bankruptcy Trustee's admission that the Debtor's equitable interest is not included in the estate,

any legal title to the property and power to sell are of inconsequential value, and potentially burdensome to the estate.  Even though the Bankruptcy Trustee's counsel alluded to the proceeds of a sale as prospective property of the estate pursuant to 11 U.S.C. § 541(a)(6) or (a)(7), I am not persuaded.  Without the Debtor's equitable interest, the legal title to the Trust property will yield no meaningful proceeds or after-acquired property.

As Judge Gregg suggested at the October 24, 2008 hearing, the Bankruptcy Trustee may be subjecting himself or the estate to claims from the Trust beneficiaries for their legal fees, or even for breach of fiduciary duty.  See Transcript of Hearing Held Oct. 24, 2008 at pp. 11-12 (referring to "sideshow" on fees).  Similarly, the record suggests that the Farm is an operating enterprise.  If the Bankruptcy Trustee is truly exercising the Debtor's duties as Trust fiduciary and holding legal title to the Farm, the estate may very well be exposed to administrative claims arising from that ownership or operation, or at least the litigation expense.  Cf. M.C.L. § 700.7306(2); 11 U.S.C. § 721.

Finally, if the Bankruptcy Trustee and his counsel were to pursue a sale that promises no benefit to the estate, it would be difficult for me to approve attorneys fees and trustee fees under a statutory scheme that limits such awards to "disinterested" persons who seek compensation for services that were reasonably likely to benefit the estate or necessary for its administration.  See generally 11 U.S.C. § 330.  Thus, granting the Motions might encourage the Bankruptcy Trustee to pursue an unwise course, and lead to impractical and unwelcome results later in these proceedings.

<u>Conclusion</u>

I have decided to issue this ruling in written form without requiring additional appearances on February 11, 2009 so that I might expedite this case and avoid additional expense for the parties.  In preparing this opinion, I have consulted the authorities that the parties helpfully supplied to the court before my involvement.  I have considered their oral and written arguments, and have reviewed the transcript of proceedings and the docket in this matter.  After this extensive review, and for the foregoing reasons, I will deny the Bankruptcy Trustee's Motions in a separate order.

END OF ORDER

**IT IS SO ORDERED.**                    Scott W. Dales          **Dated: February 05, 2009**
                                              United States Bankruptcy Judge